UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VALDO C. OROZCO, | 1:10-cv-01599 MJS HC |
| Petitioner, | ORDER DENYING MOTION TO DISMISS |
| v. | ORDER REQUIRING PETITIONER TO FILE AMENDED PETITION |
| KELLY HARRINGTON, Warden, | |
| Respondent. | |

Petitioner is a state prisoner proceeding pro se and in forma pauperis with an application for writ of habeas corpus under 28 U.S.C. § 2254. Respondent has filed a motion to dismiss. Respondent argues that Petitioner failed to exhaust his claim that his trial counsel was ineffective because she advised him to avoid a probation officer's report. Respondent concedes that Petitioner's other claims were properly exhausted. Respondent thus argues that the court should dismiss without prejudice this "mixed" petition of exhausted and unexhausted claims.

I.   **LEGAL STANDARD**

The exhaustion of available state remedies is a prerequisite to a federal court's consideration of claims presented in habeas corpus proceedings. See Rose v. Lundy, 455

U.S. 509, 102 S.Ct. 1198, 71 L. Ed. 2d 379 (1982); 28 U.S.C. § 2254(b). A petitioner satisfies the exhaustion requirement by providing the highest state court with a full and fair opportunity to consider all claims before presenting them to the federal court. Picard v. Connor, 404 U.S. 270, 276, 92 S. Ct. 509, 30 L. Ed. 2d 438 (1971); Middleton v. Cupp, 768 F.2d 1083, 1086 (9th Cir. 1985).

## II. ANALYSIS

Petitioner, recognizing that one of his claims is not exhausted, has responded to the motion to dismiss with a request to stay this case and hold it in abeyance while he attempts to exhaust his claim in state court. He states that he is an unrepresented litigant who made an omission in not exhausting the claim, and that he has filed a petition with the California Supreme Court to attempt to do so. (Obj. at 2, ECF No. 14.) Petitioner requests his federal petition be stayed. (Id.)

### A. Stay and Abayance

A court may stay a petition and hold it in abeyance pursuant to either Kelly v. Small, 315 F.3d 1063 (9th Cir. 2003), or Rhines v. Weber, 544 U.S. 269, 125 S. Ct. 1528, 161 L. Ed. 2d 440 (2005). See King v. Ryan, 564 F.3d 1133, 1135 (9th Cir. 2009). Kelly and Rhines set out different procedures and requirements for imposing a stay. Under Kelly, the petitioner amends his petition to delete any unexhausted claims. The court then stays and holds in abeyance the amended, fully exhausted petition, allowing the petitioner the opportunity to proceed to state court to exhaust the deleted claims. Id. (citing Kelly, 315 F.3d at 1070-71.) Later, the petitioner amends his petition to add the newly-exhausted claims to the original petition. Id. Under Rhines, a petitioner must meet three pre-conditions for a stay of a mixed petition: (1) a finding of good cause for petitioner's failure to exhaust all his claims before filing his habeas action; (2) a finding that the unexhausted claims are potentially meritorious; and (3) no indication that the petitioner engaged in intentionally dilatory tactics. Rhines, 544 U.S. at 278. If all three preconditions exist, the court should stay the habeas case and hold it in abeyance, leaving the mixed petition intact while the petitioner returns to state court to present his unexhausted claims.

1	Rhines does not go into detail as to what constitutes good cause for failure to exhaust, and the Ninth Circuit has provided no clear guidance beyond holding that the test is less stringent than an "extraordinary circumstances" standard. Jackson v. Roe, 425 F.3d 654, 661-62 (9th Cir. 2005). Several district courts have concluded that the standard is more generous than the showing needed for "cause" to excuse a procedural default. See, e.g., Rhines v. Weber, 408 F. Supp. 2d 844, 849 (D.S.D. 2005) (applying the Supreme Court's mandate on remand). This view finds support in Pace v. DiGuglielmo, 544 U.S. 408, 125 S.Ct. 1807, 161 L. Ed. 2d 669 (2005), where the Supreme Court acknowledged that a petitioner's "reasonable confusion" about the timeliness of his federal petition would generally constitute good cause for his failure to exhaust state remedies before filing his federal petition. 544 U.S. at 416-17.

However, in Wooten v. Kirkland, 540 F.3d 1019 (9th Cir. 2008), the Ninth Circuit ruled that petitioner did not show good cause by arguing that he was "under the impression" that his counsel had raised all claims before the state court of appeal. Wooten, 540 F.3d at 1024. The Ninth Circuit explained that finding good cause in that argument "would render stay-and-abey orders routine" and "would run afoul of Rhines and its instruction that district courts should only stay mixed petitions in 'limited circumstances.'" Wooten, 540 F.3d at 1024.

Petitioner's excuse for his failure to exhaust is similar to the excuse the Ninth Circuit rejected in Wooten. Thus, this Court is bound to find that he has not shown good cause for a stay under Rhines. However, the Kelly procedure, which has remained available even after the Supreme Court's ruling in Rhines, does not require a showing of good cause. King, 564 F.3d at 1140. The Court must still deny a request for a stay and abeyance under Kelly if the new claims are facially without merit and therefore cannot be added to the existing habeas petition after they are exhausted in state court. King, 564 F.3d at 1141.

The Court finds that this petitioner's sole unexhausted claim - that trial counsel was ineffective because she advised Petitioner to avoid a probation officer's report - presents, at this stage, a facially meritorious claim. Under the Kelly procedure, Petitioner should have the

1 opportunity to file an amended petition that does not include his unexhausted claim.[1] If he
2 does so, the Court will impose a stay to allow him to exhaust the deleted claim in state court.
3 If he chooses not to amend his petition, the Court will deny his motion to stay and dismiss the
4 petition without prejudice for failure to exhaust all claims, with leave to file an amended
5 petition. See Anthony v. Cambra, 236 F.3d 568, 574 (9th Cir. 2000). Petitioner is forewarned
6 that such a dismissal may adversely affect the timeliness of the petition in relation to the one
7 year statute of limitations under the Antiterrorism and Effective Death Penalty Act.

## III. CONCLUSION AND ORDER

IT IS THEREFORE ORDERED that Petitioner has twenty (20) days from the entry of this order in which to file an amended, fully exhausted petition.

IT IS SO ORDERED.

Dated:   May 23, 2011                      /s/ *Michael J. Seng*
                                          UNITED STATES MAGISTRATE JUDGE

---

[1] The Court admonishes Petitioner to familiarize himself with Local Rule 220, which governs the amendment of pleadings. If he chooses to file an amended complaint, the Court will examine it according to the same screening standards that applied to his original petition. In addition, Petitioner is informed that the Court cannot refer to a prior pleading in order to make Petitioner's amended petition complete. Local Rule 220 requires that an amended pleading be complete in itself, without reference to any prior pleading. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967) (As general rule, an amended complaint or petition supersedes the original.).