1

2

3

4

5

6

7

8

9

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11

12

13

14

15

16

17

| | |
|---|---|
| **VALDO C. OROZCO,**<br><br>                              Petitioner,<br><br>     **v.**<br><br><br>**KELLY HARRINGTON, Warden,**<br><br>                          Respondent. | **Case No. 1:10-cv-01599 MJS (HC)**<br><br>**ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS AND DECLINING TO ISSUE CERTIFICATE OF APPEALABILITY**<br><br>**(Doc. 26)** |

18     Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas

19 corpus pursuant to 28 U.S.C. § 2254. Respondent is represented by David Eldridge of

20 the office of the California Attorney General. Both parties have consented to Magistrate

21 Judge jurisdiction under 28 U.S.C. § 636(c). (ECF Nos. 5, 11.)

22 **I.      PROCEDURAL BACKGROUND**

23     Petitioner is currently in the custody of the California Department of Corrections

24 pursuant to a judgment of the Superior Court of California, County of Kings, following his

25 conviction by jury trial on July 7, 2008, of transportation and possession of heroin.

26 (Lodged Doc. 1.) The trial court also found true enhancements and sentenced Petitioner

27 to serve a determinate term of twelve (12) years. (Id.)

28     Petitioner filed a direct appeal with the California Court of Appeal, Fifth Appellate

1   District, which was denied on July 22, 2009. (Lodged Doc. 2.) On August 31, 2009,

2   Petitioner filed a petition for review with the California Supreme Court. (Lodged Doc. 3.)

3   The petition was summarily denied on October 14, 2009. (Lodged Doc. 4.)

4          Petitioner filed the instant federal habeas petition on September 3, 2010. (Pet.,

5   ECF No. 1.) He subsequently filed a first and second amended petition. The second

6   amended petition then is the operative petition, and it raises the following three claims

7   for relief:

8          1.) There was insufficient evidence to support Petitioner's guilty plea;

9          2.) In violation of federal law, Petitioner received no benefit from taking the plea

10  offer; and

11         3.) Plaintiff's counsel was Ineffective (based on counsel's inadequate investigation

12  and allowing Petitioner to plead guilty).

13  (Pet. at 13-24.)

14         Respondent filed an answer to the petition on December 19, 2011, and Petitioner

15  filed a traverse on February 8, 2012. (Answer & Traverse, ECF Nos. 26, 31.)

16  **II.   STATEMENT OF THE FACTS[1]**

17         On April 11, 2008, at approximately 10:30 a.m., Officer Herlinda
   Rodriguez turned on her overhead lights to stop a car driven by
18  appellant, Valdo Cantu Orozco, Jr., for failing to stop at a stop sign. The
   car did not stop and Rodriguez activated her siren. The car continued until
19  it turned into a residential driveway and stopped. Codefendant, Ramon
   Gloria, got out of the car, looked at Rodriguez, and ran to the backyard.
20  Gloria soon came out of the backyard, and he and Orozco began asking
   Rodriguez why she stopped them.
21
           After a backup unit arrived, Rodriguez went to the backyard where
22  Gloria had gone and found a plastic container with a syringe inside. Officer
   Pedro Castro searched Orozco's car and found several syringes, a small
23  plastic bag containing a brown powdery substance, several cotton swabs,
   a spoon, and a lighter. Orozco and Gloria exhibited signs of being under
24  the influence of heroin and refused to provide a urine sample at the jail.

25         On April 29, 2008, the court denied Orozco's *Marsden* motion.

26

27  ---
   [1]The Fifth District Court of Appeal's summary of the facts in its July 22, 2009 opinion is presumed correct.
   28 U.S.C. § 2254(e)(1).

28

1
2
3
4
5
6

On May 12, 2008, the district attorney filed an information charging Orozco and codefendant Gloria with transportation of heroin (count 1/Health & Saf. Code, § 11352, subd. (a)), possession of heroin (count 2/Health & Saf. Code, § 11350, subd. (a)), resisting arrest (count 3/Pen. Code, § 148, subd. (a)(1)), and possession of drug paraphernalia (count 4/Health & Saf. Code, § 11364). The information also charged Orozco with evading a police officer (count 5/Veh. Code, § 2800.1, subd. (a)), driving while his driving privilege was suspended (count 6/Veh. Code, § 14601.2, subd. (a)), two prior prison term enhancements (Pen. Code, § 667.5, subd. (b)) and two prior convictions within the meaning of the three strikes law.

7
8
9
10

On July 7, 2008, the prosecutor dismissed one of the alleged prior strike convictions and Orozco pled guilty to all counts and admitted the prior prison term enhancements and the remaining three strikes law allegation. After Orozco waived a probation report, the court sentenced him to a 12-year term, the aggravated term of five years on his transportation of heroin conviction, doubled to ten years because of Orozco's prior strike conviction, two one-year prior prison term enhancements, and stayed or concurrent terms on the remaining counts.

11
12

People v. Orozco, 2009 Cal. App. Unpub. LEXIS 5997, 1-3, 2009 WL 2181755 (Cal. App., July 22, 2009).

13 **II.** **DISCUSSION**

14     **A.** **Jurisdiction**

15 Relief by way of a petition for writ of habeas corpus extends to a person in

16 custody pursuant to the judgment of a state court if the custody is in violation of the

17 Constitution or laws or treaties of the United States.  28 U.S.C. § 2254(a); 28 U.S.C. §

18 2241(c)(3); Williams v. Taylor, 529 U.S. 362, 375 fn.7 (2000).  Petitioner asserts that he

19 suffered violations of his rights as guaranteed by the U.S. Constitution.  In addition, the

20 conviction challenged arises out of the Kings County Superior Court, which is located

21 within the jurisdiction of this court.  28 U.S.C. § 2241(d); 2254(a). Accordingly, the Court

22 has jurisdiction over the action.

23     **B.** **Legal Standard of Review**

24 On April 24, 1996, Congress enacted the Antiterrorism and Effective Death

25 Penalty Act of 1996 ("AEDPA"), which applies to all petitions for writ of habeas corpus

26 filed after its enactment.  Lindh v. Murphy, 521 U.S. 320, 326 (1997); Jeffries v. Wood,

27 114 F.3d 1484, 1499 (9th Cir. 1997). The instant petition was filed after the enactment of

28 the AEDPA; thus, it is governed by its provisions.

Under AEDPA, an application for a writ of habeas corpus by a person in custody under a judgment of a state court may be granted only for violations of the Constitution or laws of the United States. 28 U.S.C. § 2254(a); Williams v. Taylor, 529 U.S. at 375 n. 7 (2000). Federal habeas corpus relief is available for any claim decided on the merits in state court proceedings if the state court's adjudication of the claim:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

### 1.   Contrary to or an Unreasonable Application of Federal Law

A state court decision is "contrary to" federal law if it "applies a rule that contradicts governing law set forth in [Supreme Court] cases" or "confronts a set of facts that are materially indistinguishable from" a Supreme Court case, yet reaches a different result." Brown v. Payton, 544 U.S. 133, 141 (2005) citing Williams, 529 U.S. at 405-06. "AEDPA does not require state and federal courts to wait for some nearly identical factual pattern before a legal rule must be applied. . . . The statue recognizes . . . that even a general standard may be applied in an unreasonable manner" Panetti v. Quarterman, 551 U.S. 930, 953 (2007) (citations and quotation marks omitted).  The "clearly established Federal law" requirement "does not demand more than a 'principle' or 'general standard.'" Musladin v. Lamarque, 555 F.3d 830, 839 (2009).  For a state decision to be an unreasonable application of clearly established federal law under § 2254(d)(1), the Supreme Court's prior decisions must provide a governing legal principle (or principles) to the issue before the state court.  Lockyer v. Andrade, 538 U.S. 63, 70-71 (2003).  A state court decision will involve an "unreasonable application of" federal law only if it is "objectively unreasonable."  Id. at 75-76, quoting Williams, 529 U.S. at 409-10; Woodford v. Visciotti, 537 U.S. 19, 24-25 (2002). In Harrington v. Richter, the Court further stresses that "an *unreasonable* application of federal law is different from

4

1   an *incorrect* application of federal law."  131 S. Ct. 770, 785 (2011), (citing Williams, 529

2   U.S. at 410) (emphasis in original).   "A state court's determination that a claim lacks

3   merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the

4   correctness of the state court's decision."  Id. at 786 (citing Yarborough v. Alvarado, 541

5   U.S. 653, 664 (2004)). Further, "[t]he more general the rule, the more leeway courts

6   have in reading outcomes in case-by-case determinations."  Id.; Renico v. Lett, 130 S.

7   Ct. 1855, 1864 (2010). "It is not an unreasonable application of clearly established

8   Federal law for a state court to decline to apply a specific legal rule that has not been

9   squarely established by this Court."  Knowles v. Mirzayance, 129 S. Ct. 1411, 1419

10  (2009), quoted by Richter, 131 S. Ct. at 786.

11              2.    Review of State Decisions

12       "Where there has been one reasoned state judgment rejecting a federal claim,

13  later unexplained orders upholding that judgment or rejecting the claim rest on the same

14  grounds."  See Ylst v. Nunnemaker, 501 U.S. 797, 803 (1991).  This is referred to as the

15  "look through" presumption.  Id. at 804; Plascencia v. Alameida, 467 F.3d 1190, 1198

16  (9th Cir. 2006).    Determining whether a state court's decision resulted from an

17  unreasonable legal or factual conclusion, "does not require that there be an opinion from

18  the state court explaining the state court's reasoning." Richter, 131 S. Ct. at 784-85.

19  "Where a state court's decision is unaccompanied by an explanation, the habeas

20  petitioner's burden still must be met by showing there was no reasonable basis for the

21  state court to deny relief."  Id. ("This Court now holds and reconfirms that § 2254(d) does

22  not require a state court to give reasons before its decision can be deemed to have been

23  'adjudicated on the merits.'").

24       Richter instructs that whether the state court decision is reasoned and explained,

25  or merely a summary denial, the approach to evaluating unreasonableness under §

26  2254(d) is the same: "Under § 2254(d), a habeas court must determine what arguments

27  or theories supported or, as here, could have supported, the state court's decision; then

28  it must ask whether it is possible fairminded jurists could disagree that those arguments

1  or theories are inconsistent with the holding in a prior decision of this Court." Id. at 786.

2  Thus, "even a strong case for relief does not mean the state court's contrary conclusion

3  was unreasonable." Id. (citing Lockyer v. Andrade, 538 U.S. at 75).  AEDPA "preserves

4  authority to issue the writ in cases where there is no possibility fairminded jurists could

5  disagree that the state court's decision conflicts with this Court's precedents." Id.  To put

6  it yet another way:

> As a condition for obtaining habeas corpus relief from a federal
> court, a state prisoner must show that the state court's ruling on the claim
> being presented in federal court was so lacking in justification that there
> was an error well understood and comprehended in existing law beyond
> any possibility for fairminded disagreement.

10  Id. at 786-87.  The Court then explains the rationale for this rule, i.e., "that state courts

11  are the principal forum for asserting constitutional challenges to state convictions." Id. at

12  787. It follows from this consideration that § 2254(d) "complements the exhaustion

13  requirement and the doctrine of procedural bar to ensure that state proceedings are the

14  central process, not just a preliminary step for later federal habeas proceedings." Id.

15  (citing Wainwright v. Sykes, 433 U.S. 72, 90 (1977).

16                    3.      Prejudicial Impact of Constitutional Error

17         The prejudicial impact of any constitutional error is assessed by asking whether

18  the error had "a substantial and injurious effect or influence in determining the jury's

19  verdict." Brecht v. Abrahamson, 507 U.S. 619, 623 (1993); see also Fry v. Pliler, 551

20  U.S. 112, 121-22 (2007) (holding that the Brecht standard applies whether or not the

21  state court recognized the error and reviewed it for harmlessness).  Some constitutional

22  errors, however, do not require that the petitioner demonstrate prejudice. See Arizona v.

23  Fulminante, 499 U.S. 279, 310 (1991); United States v. Cronic, 466 U.S. 648, 659

24  (1984).  Furthermore, where a habeas petition governed by AEDPA alleges ineffective

25  assistance of counsel under Strickland v. Washington, 466 U.S. 668 (1984), the

26  Strickland prejudice standard is applied and courts do not engage in a separate analysis

27  applying the Brecht standard.  Avila v. Galaza, 297 F.3d 911, 918, n. 7 (2002).  Musalin

28  v. Lamarque, 555 F.3d at 834.

III.   **REVIEW OF PETITION**

    A.   **Claims One and Two: Petitioner's Plea was Invalid**

As his first and second grounds for relief, Petitioner contends that his bargained-for plea is invalid because there was insufficient factual basis for the plea (claim one), and because he received no benefit by taking the plea (claim two). (Pet.)

Petitioner presented this claim on appeal to the Fifth District Court of Appeal. The claim was denied in a reasoned decision by the Fifth District Court of Appeal and summarily denied by the California Supreme Court. (See Lodged Docs. 2-4.) Because the California Supreme Court's opinion is summary in nature, this Court "looks through" that decision and presumes it adopted the reasoning of the California Court of Appeal, the last state court to have issued a reasoned opinion. See Ylst v. Nunnemaker, 501 U.S. 797, 804-05 & n.3 (1991) (establishing, on habeas review, "look through" presumption that higher court agrees with lower court's reasoning where former affirms latter without discussion); see also LaJoie v. Thompson, 217 F.3d 663, 669 n.7 (9th Cir. 2000) (holding federal courts look to last reasoned state court opinion in determining whether state court's rejection of petitioner's claims was contrary to or an unreasonable application of federal law under 28 U.S.C. § 2254(d)(1)).

In denying Petitioner's claim, the appellate court explained:

> …Orozco contends: 1) the court did not ensure there was a factual basis for his plea to transportation of heroin (count 1); 2) even though he was innocent, he entered his plea because he wanted to help out a friend; and 3) his plea is invalid and violates his right to due process because it did not provide him with any reciprocal benefit. We disagree.

> "Although section 1192.5 requires the trial court to satisfy itself there is a factual basis for the plea, this can be done by having the defendant describe the conduct or answer questions, by detailing a factual basis, or by having defense counsel stipulate to a particular document such as the transcript of a preliminary hearing as providing a factual basis for a plea. [Citation.] The trial court need not obtain an element-by-element factual basis but need only obtain a prima facie factual basis for the plea. [Citations.] '[A] trial court possesses wide discretion in determining whether a sufficient factual basis exists for a guilty plea. The trial court's acceptance of the guilty plea, after pursuing an inquiry to satisfy itself that there is a factual basis for the

plea, will be reversed only for abuse of discretion.' [Citation.]" (*People v. Marlin* (2004) 124 Cal.App.4th 559, 571-572.)

Here, prior to taking Orozco's plea, the court elicited from him that the heroin was in the car he was driving when he was stopped, that the car moved from one location to another, and that he knew the heroin was in the car. In accord with <u>Marlin</u>, <u>supra</u>, 124 Cal.App.4th 559, we find this satisfied the court's obligation to ensure there was a factual basis for Orozco's plea. Further, his admission of a factual basis for the plea negates his contention that he is innocent and entered a plea only to help a friend.

There is also no merit to Orozco's claim that he did not receive any benefit from the plea bargain. Preliminarily, we note Orozco waived a probation report in this matter and opted for immediate sentencing even though the court advised him that he might receive a lesser sentence depending on what the report showed. In any event, although the court sentenced him to a 12-year term, the prosecutor dismissed one of the two prior strike allegations and the court imposed concurrent, rather than consecutive, terms on the four misdemeanors to which he pled guilty. Thus the record also refutes Orozco's contention that the plea bargain did not provide him with any benefits.

<u>People v. Valdo</u>, 2009 Cal. App. Unpub. LEXIS 5997 at 3-5.

### 1. Lack of a Factual Basis

Petitioner contends that the factual basis for the plea was insufficient to support his guilty plea. However, Petitioner has failed to establish that the state court's decision in that regard was contrary to, or involved an unreasonable application of, federal law. As such, the Court recommends that this claim be denied.

The Ninth Circuit recently addressed whether a claim that a plea lacked a factual basis had been recognized under federal law. <u>Loftis v. Almager</u>, 704 F.3d 645, 647-648 (9th Cir. 2012). The Court concluded that it is not a federally cognizable claim:

It is axiomatic that habeas relief lies only for violations of the Constitution, laws, or treaties of the United States; errors of state law will not suffice. <u>E.g.</u>, <u>Estelle v. McGuire</u>, 502 U.S. 62, 67-68, 112 S. Ct. 475, 116 L. Ed. 2d 385 (1991). Consequently, we must determine whether [petitioner]'s factual basis claim raises a federal constitutional issue.

The Constitution requires that a plea be knowing, intelligent, and voluntary. <u>E.g.</u>, <u>Boykin v. Alabama</u>, 395 U.S. 238, 244, 89 S. Ct. 1709, 23 L. Ed. 2d 274 (1969). The record must show that the defendant voluntarily relinquished his privilege against self-incrimination, his right to trial by jury and his right to confront his accusers, <u>e.g.</u>, <u>United States v. Escamilla-Rojas</u>, 640 F.3d 1055, 1062 (9th Cir. 2011), *cert. denied*, 133 S. Ct. 101, 184 L. Ed. 2d 47, 81 U.S.L.W. 3161 (U.S. 2012), and that he understood the nature of the charges and the consequences of his plea, <u>e.g.</u>, <u>Tanner</u>

8

v. McDaniel, 493 F.3d 1135, 1146-47 (9th Cir. 2007); Little v. Crawford, 449 F.3d 1075, 1080 (9th Cir. 2006).

Beyond these essentials, the Constitution "does not impose strict requirements on the mechanics of plea proceedings." Escamilla-Rojas, 640 F.3d at 1062 (citing Brady v. United States, 397 U.S. 742, 747 n.4, 90 S. Ct. 1463, 25 L. Ed. 2d 747 (1970)). While Fed. R. Crim. P. 11 and its state analogs require additional safeguards, violations of such rules do not ordinarily render a plea constitutionally infirm and thus vulnerable to collateral attack. See, e.g., United States v. Timmreck, 441 U.S. 780, 783-84, 99 S. Ct. 2085, 60 L. Ed. 2d 634 (1979); see also Estelle, 502 U.S. at 68 n.2.

Among the requirements imposed on trial judges by rule — but not the Constitution — is the finding of a factual basis. See, e.g., Higgason v. Clark, 984 F.2d 203, 208 (7th Cir. 1993) ("Putting a factual basis for the plea on the record has become familiar as a result of statutes and rules, not as a result of constitutional compulsion."). Accordingly, habeas courts have held that, unless a plea is accompanied by protestations of innocence or other "special circumstances," the Constitution does not require state judges to find a factual basis. E.g., Rodriguez v. Ricketts, 777 F.2d 527, 528 (9th Cir. 1985); see also Meyers v. Gillis, 93 F.3d 1147, 1151 (3d Cir. 1996) ("Put simply, the Due Process Clause of the Fourteenth Amendment to the United States Constitution does not require an on-the-record development of the factual basis supporting a guilty plea before entry of the plea, and the failure of a state court to elicit a factual basis before accepting a guilty plea does not in itself provide a ground for habeas corpus relief under 28 U.S.C. § 2254."). Cf. Willett v. Georgia, 608 F.2d 538, 540 (5th Cir. 1979) (holding that under North Carolina v. Alford, 400 U.S. 25, 91 S. Ct. 160, 27 L. Ed. 2d 162 (1970), "when a defendant pleads guilty while claiming his or her innocence, the court commits constitutional error in accepting the plea unless the plea is shown to have a factual basis").

[Petitioner] cannot obtain habeas relief because the state trial court's failure to find a factual basis for his no contest plea — unaccompanied by protestations of innocence — does not present a constitutional issue cognizable under 28 U.S.C. § 2254. See, e.g., Bonior v. Conerly, 416 Fed. App'x 475, 476 (6th Cir. 2010) (holding that a prisoner's claim that there was an insufficient factual basis to support his no contest plea to lesser charges was not cognizable in federal habeas corpus); Green v. Koerner, 312 Fed. App'x 105, 108 (10th Cir. 2009) (holding that a prisoner's claim that the state court lacked a factual basis to support a no contest plea did not, by itself, present a basis to invalidate her plea in a federal habeas corpus action); Foote v. Ward, 207 Fed. App'x 927, 930 (10th Cir. 2006) (holding that only if the defendant claims innocence does he obtain the added protection of Alford); Kirk v. Cline, No. 09-3187-WEB, 2011 U.S. Dist. LEXIS 132990, 2011 WL 5597362, at *8 (D. Kan. Nov. 17, 2011) (collecting cases and noting that the "due process clause does not require more of a factual basis or other more stringent standards for a no contest plea than a guilty plea"); see also Post v. Bradshaw, 621 F.3d 406, 426-27 (6th Cir. 2010) (noting that failure to find a factual basis for a no contest plea would be a violation only of state law, not cognizable in habeas), cert. denied, 131 S. Ct. 2902, 179 L. Ed. 2d 1249 (2011). It is therefore unnecessary to decide whether the state appellate court unreasonably determined that the record supplied an

adequate factual basis for [petitioner]'s plea.

Loftis, 704 F.3d at 647-648.

Thus, Petitioner's claim that his rights were violated based on an allegedly insufficient factual basis for his guilty plea is not a valid Constitutional claim because no right to a sufficient factual basis exists under the United States Constitution. Regardless, even if a sufficient factual basis were required, the state court, upon appellate review, found that the facts supported a conviction for possession and transportation of heroin as Petitioner admitted that he knew that heroin was in the car he was driving.

Petitioner is not entitled to relief on this claim.  It is recommended that the claim be denied.

2.    Lack of Benefit from Taking Plea

Petitioner also claims that he received no benefit from taking the plea. This claim likewise lacks merit.

In United States v. Alcala-Sanchez, 666 F.3d 571 (9th Cir. 2012), the Court of Appeals for the Ninth Circuit stated the relevant standard for breach of a plea agreement:

> "[W]hen a plea rests in any significant degree on a promise or agreement of the prosecutor, so that it can be said to be part of the inducement or consideration, such promise must be fulfilled." Santobello v. New York, 404 U.S. 257, 262, 92 S.Ct. 495, 30 L.Ed.2d 427 (1971). A plea agreement is a contract, and the government is held to its literal terms. [United States v.] Mondragon, 228 F.3d [978, 980 (9th Cir. 2000)]. Requiring the government to strictly comply with the terms of a plea agreement encourages plea bargaining, "an essential component of the administration of justice," Santobello, 404 U.S. at 260, 92 S.Ct. 495, because it ensures that a defendant gets the benefit of his or her bargain—the presentation of a "united front" to the court. See United States v. Camarillo-Tello, 236 F.3d 1024, 1028 (9th Cir. 2001).

> It does not matter that a breach is inadvertent, see Santobello, 404 U.S. at 262, 92 S.Ct. 495, or "that the statements or arguments prosecutor makes in breach of the agreement do not influence the sentencing judge." Gunn v. Ignacio, 263 F.3d 965, 969-70 (9th Cir. 2001).

666 F.3d at 575.

Here, Petitioner asserts that he received no benefit in taking the plea, not that the State breached an agreement that was part of the plea. Petitioner fails to present any

10

1    federal authority supporting his argument that there must be a tangible benefit from a

2    plea. Petitioner voluntarily decided to plead guilty. He does not allege that the state in

3    any way failed to carry out its part of the plea bargain. Petitioner has not alleged a

4    meritorious federal claim. See Santobello, 404 U.S. at 262. Even if the law were to the

5    contrary, the state court found that Petitioner did receive a benefit in taking the plea.

6    During sentencing the trial court dismissed one of Petitioner's two prior strike allegations

7    and imposed concurrent, rather than consecutive sentences. Petitioner's claim for

8    habeas corpus relief based on an invalid plea agreement lacks merit and must be

9    denied.

10          **B.     Claim Three: Ineffective Assistance of Counsel**

11          Petitioner asserts that trial counsel was ineffective for allowing Petitioner to plead

12   guilty and for failing to investigate, including failing to review of Petitioner's probation

13   report.[1]

14                  1.     Law Applicable to Ineffective Assistance of Counsel Claims

15          The law governing ineffective assistance of counsel claims is clearly established

16   for the purposes of the AEDPA deference standard set forth in 28 U.S.C. § 2254(d).

17   Canales v. Roe, 151 F.3d 1226, 1229 (9th Cir. 1998). In a petition for writ of habeas

18   corpus alleging ineffective assistance of counsel, the Court must consider two factors.

19   Strickland v. Washington, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984); Lowry

20   v. Lewis, 21 F.3d 344, 346 (9th Cir. 1994). First, the petitioner must show that counsel's

21   performance was deficient, requiring a showing that counsel made errors so serious that

22   he or she was not functioning as the "counsel" guaranteed by the Sixth Amendment.

23   Strickland, 466 U.S. at 687. The petitioner must show that counsel's representation fell

24   below an objective standard of reasonableness, and must identify counsel's alleged acts

25   or omissions that were not the result of reasonable professional judgment considering

26

27          [1] Respondent asserts that Petitioner's ineffective assistance of counsel claim is untimely.
     However, in the interest of judicial economy, the Court shall address the merits of the claim, rather than if it
28   is barred based on untimeliness.

1   the circumstances. Id. at 688; United States v. Quintero-Barraza, 78 F.3d 1344, 1348

2   (9th Cir. 1995). Judicial scrutiny of counsel's performance is highly deferential. A court

3   indulges a strong presumption that counsel's conduct falls within the wide range of

4   reasonable professional assistance. Strickland, 466 U.S. at 687; see also, Harrington v.

5   Richter, 131 S. Ct. 770, 178 L. Ed. 2d 624 (2011).

6          Second, the petitioner must demonstrate that "there is a reasonable probability

7   that, but for counsel's unprofessional errors, the result ... would have been different,"

8   Strickland, 466 U.S. at 694. Petitioner must show that counsel's errors were so

9   egregious as to deprive defendant of a fair trial, one whose result is reliable. Id. at 687.

10  The Court must evaluate whether the entire trial was fundamentally unfair or unreliable

11  because of counsel's ineffectiveness. Id.; Quintero-Barraza, 78 F.3d at 1348; United

12  States v. Palomba, 31 F.3d 1456, 1461 (9th Cir. 1994).

13         A court need not determine whether counsel's performance was deficient before

14  examining the prejudice suffered by the petitioner as a result of the alleged deficiencies.

15  Strickland, 466 U.S. at 697. Since the defendant must affirmatively prove prejudice, any

16  deficiency that does not result in prejudice must necessarily fail. However, there are

17  certain instances which are legally presumed to result in prejudice, e.g., where there has

18  been an actual or constructive denial of the assistance of counsel or where the State has

19  interfered with counsel's assistance. Id. at 692; United States v. Cronic, 466 U.S., at 659,

20  and n.25 (1984).

21         As the Supreme Court reaffirmed recently in Harrington v. Richter, meeting the

22  standard for ineffective assistance of counsel in federal habeas is extremely difficult:

23             The pivotal question is whether the state court's application of the
      Strickland standard was unreasonable. This is different from asking
24    whether defense counsel's performance fell below Strickland's standard.
      Were that the inquiry, the analysis would be no different than if, for
25    example, this Court were adjudicating a Strickland claim on direct review
      of a criminal conviction in a United States district court. Under AEDPA,
26    though, it is a necessary premise that the two questions are different. For
      purposes of § 2254(d)(1), "an unreasonable application of federal law is
27    different from an incorrect application of federal law." Williams, supra, at
      410, 120 S. Ct. 1495, 146 L. Ed. 2d 389. A state court must be granted a
28    deference and latitude that are not in operation when the case involves

review under the Strickland standard itself.

> A state court's determination that a claim lacks merit precludes federal habeas relief so long as "fairminded jurists could disagree" on the correctness of the state court's decision. Yarborough v. Alvarado, 541 U.S. 652, 664, 124 S. Ct. 2140, 158 L. Ed. 2d 938 (2004). And as this Court has explained, "[E]valuating whether a rule application was unreasonable requires considering the rule's specificity. The more general the rule, the more leeway courts have in reaching outcomes in case-by-case determinations." Ibid. "[I]t is not an unreasonable application of clearly established Federal law for a state court to decline to apply a specific legal rule that has not been squarely established by this Court." Knowles v. Mirzayance, 556 U.S. 111, 129 S. Ct. 1411, 1419, 173 L. Ed. 2d 251, 261 (2009) (internal quotation marks omitted).

Harrington v. Richter, 131 S. Ct. at 785-86.

"It bears repeating that even a strong case for relief does not mean the state court's contrary conclusion was unreasonable." Id. at 786. "As amended by AEDPA, § 2254(d) stops short of imposing a complete bar on federal court relitigation of claims already rejected in state proceedings." Id. "As a condition for obtaining habeas corpus from a federal court, a state prisoner must show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." Id. at 786-87.

Accordingly, even if Petitioner presents a strong case of ineffective assistance of counsel, this Court may only grant relief if no fairminded jurist could agree on the correctness of the state court decision.

2.    Analysis

Here, the last reasoned decision of the state court summarily denied Petitioner's ineffective assistance of counsel claim.[2] Determining whether a state court's decision resulted from an unreasonable legal or factual conclusion, "does not require that there be an opinion from the state court explaining the state court's reasoning." Harrington, 131 S. Ct. at 784-85. "Where a state court's decision is unaccompanied by an

---

[2] The California Court of Appeal, in a footnote, stated: "[Petitioner] also contends he was denied the effective assistance of counsel. We reject this contention because he has not advanced any argument or authority in support thereof. (People v. O'Neil (2008) 165 Cal.App.4th 1351, 1355, fn. 2.)" (Lodged Doc. 2 at 4.)

13

1  explanation, the habeas petitioner's burden still must be met by showing there was no

2  reasonable basis for the state court to deny relief." Id. ("This Court now holds and

3  reconfirms that § 2254(d) does not require a state court to give reasons before its

4  decision can be deemed to have been 'adjudicated on the merits.'").

5      Harrington instructs that whether the state court decision is reasoned and

6  explained, or merely a summary denial, the approach to evaluating unreasonableness

7  under § 2254(d) is the same: "Under § 2254(d), a habeas court must determine what

8  arguments or theories supported or, as here, could have supported, the state court's

9  decision; then it must ask whether it is possible fairminded jurists could disagree that

10  those arguments or theories are inconsistent with the holding in a prior decision of this

11  Court." Id. at 786.

12      Here the state court was reasonable in determining that counsel did not fall below

13  an objective standard of reasonableness, or, alternatively, that Petitioner was not

14  prejudiced by counsel's conduct. Petitioner contends that trial counsel "simply took the

15  word of Petitioner," failed to investigate and waived the probation officer's report. (Pet. at

16  20.) If counsel had investigated, Petitioner asserts that she would have discovered that

17  he was "taking the rap" for his codefendant. (Id.) Even though Petitioner explains that

18  "there is nothing counsel did or said that would have changed [his] mind," Petitioner

19  argues that his "desire to take the rap, to accept responsibility for the actions of another,

20  should not have prevented trial counsel from exploring potentially meritorious defenses."

21  (Id. at 22.)

22      Despite Petitioner's protestations, he has failed to provide any evidence to

23  support a defense in the case. First, Petitioner admits that he was intent on pleading

24  guilty to the crime in an attempt to assist his co-defendant. Even if counsel advised

25  Petitioner of potential defenses, it appears unlikely that he would have changed his mind

26  about pleading guilty. Counsel cannot be stated to have fallen below an objective

27  standard of care by not spending significant effort to explore potential defenses if

28  Petitioner was unwilling to assert them.

14

1    Furthermore, the facts, as stated by the California Court of Appeal, and presumed

2    correct (28 U.S.C. § 2254(e)(1)), explain that the drugs were found in the car that

3    Petitioner was driving and that he exhibited signs of being under the influence at the time

4    of the arrest. (Lodged Doc. 2 at 2.) Petitioner fails to present any viable argument that

5    legitimate defenses existed that defense counsel could have communicated to

6    Petitioner. The state court's decision that counsel performance with regard to Petitioner's

7    claims of failure to investigate or advise Petitioner of viable defenses did not fall below

8    an objective standard of professional conduct was not unreasonable.

9    Likewise, Petitioner has not has not shown that he was prejudiced by counsel's

10   conduct. Petitioner has not shown that there were any legitimate defenses that counsel

11   could have presented or that it was reasonably likely that counsel could have been able

12   to prevent Petitioner from pleading guilty. Accordingly, the state court did not apply any

13   federal law in a manner that was contrary to, or involved an unreasonable application of,

14   the rule in <u>Strickland</u>, or that it based its holding on an unreasonable determination of the

15   facts in light of the evidence presented. 28 U.S.C. § 2254(d). Accordingly, Petitioner's

16   third claim for relief is denied.

17   **IV.    CONCLUSION**

18   Petitioner is not entitled to relief with regard to the claims presented in the instant

19   petition. The Court therefore orders that the petition be DENIED.

20   **V.    CERTIFICATE OF APPEALABILITY**

21   A state prisoner seeking a writ of habeas corpus has no absolute entitlement to

22   appeal a district court's denial of his petition, and an appeal is only allowed in certain

23   circumstances.    <u>Miller-El v. Cockrell</u>, 537 U.S. 322, 335-36 (2003). The controlling

24   statute in determining whether to issue a certificate of appealability is 28 U.S.C. § 2253,

25   which provides as follows:

26       (a) In a habeas corpus proceeding or a proceeding under section 2255
     before a district judge, the final order shall be subject to review, on appeal,
27   by the court of appeals for the circuit in which the proceeding is held.

28       (b) There shall be no right of appeal from a final order in a proceeding to

test the validity of a warrant to remove to another district or place for commitment or trial a person charged with a criminal offense against the United States, or to test the validity of such person's detention pending removal proceedings.

(c)      (1) Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from–

> (A) the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court; or

> (B) the final order in a proceeding under section 2255.

(2) A certificate of appealability may issue under paragraph (1) only if the applicant has made a substantial showing of the denial of a constitutional right.

(3) The certificate of appealability under paragraph (1) shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

If a court denies a petitioner's petition, the court may only issue a certificate of appealability "if jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." Miller-El, 537 U.S. at 327; Slack v. McDaniel, 529 U.S. 473, 484 (2000).  While the petitioner is not required to prove the merits of his case, he must demonstrate "something more than the absence of frivolity or the existence of mere good faith on his . . . part." Miller-El, 537 U.S. at 338.

In the present case, the Court finds that no reasonable jurist would find the Court's determination that Petitioner is not entitled to federal habeas corpus relief wrong or debatable, nor would a reasonable jurist find Petitioner deserving of encouragement to proceed further.  Petitioner has not made the required substantial showing of the denial of a constitutional right.  Accordingly, the Court hereby DECLINES to issue a certificate of appealability.

## **ORDER**

Accordingly, IT IS HEREBY ORDERED:

1) The petition for writ of habeas corpus is DENIED;

16

1    2) The Clerk of Court is DIRECTED to enter judgment and close the case; and

2    3) The Court DECLINES to issue a certificate of appealability.

3

4

5

6    IT IS SO ORDERED.

7        Dated:   May 31, 2013          ____ /s/ *Michael J. Seng*

8                                        UNITED STATES MAGISTRATE JUDGE

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28